UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO HOME SOLUTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RECONSTRUST COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 08cv1970 L(AJB) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT; and GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** <br> [doc. #9] |

Defendant Reconstrust Company moves to dismiss the above-captioned case under Federal Rule of Civil Procedure 12(b)(6) or alternatively for a more definite statement [doc. #9]. The Court notes that under the Civil Local Rules, plaintiff's response was due on or before November 24, 2008. *See* CIV. L.R. 7.1(e)(2). To date, plaintiff neither filed a response nor sought additional time in which to file a response to defendant's motion.

When an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Notwithstanding plaintiff's failure to file an opposition, the Court will review the motion on the merits to determine whether any legal issue exists that would preclude granting defendant's motion to dismiss.

///

**DISCUSSION**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may not be dismissed for failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). But a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007)

Plaintiff[1], who defaulted on a home mortgage loan, seeks to avoid foreclosure on the basis that the loan's owner and/or servicer does not possess the plaintiff's original note and therefore, cannot proceed to non-judicially foreclose on the property. Defendant ReconTrust is the trustee appointed under the Deed of Trust.

Plaintiff's complaint alleges violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.;* California's Rosenthal Fair Debt Collection Practices Acts ("R-FDCPA"), CAL. CIV. CODE § 1788 *et seq.;*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614. Defendant contends that plaintiff fails to allege any actionable wrongdoing under any of these statutes.

As defendant correctly notes, plaintiff fails to state a claim against ReconTrust because as a trustee pursuant to a deed of trust it is not a debt collector under the FDCPA. The "activity of

---

[1] Plaintiff, an incorporated entity, asserts in its complaint that it "is a natural person and at all times mentioned herein was and is a resident of Orange County." Defendant states that named plaintiff is not even a borrower but rather is a shell corporation for Todd Toback. (Motion at 1.) Jeffrey and Anna Gibson were the borrowers on the mortgage loan obtained from Countrywide that is at issue in this case. It was their default that brought about the subject foreclosure. Apparently, the Gibsons conveyed title to plaintiff to circumvent the foreclosure. The Court need not determine whether the plaintiff is the real party in interest.

foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp.2d 1188, 1204 (D. Or. 2002); *see also Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not 'debt collectors').

Similarly, plaintiff fails to state a claim under R-FDCPA which prohibits collecting consumer debts by *inter alia*, threats, physical force, obscene language, annoying telephone calls, false representations, simulating or threatening legal action. CAL. CIV. CODE §§ 1788.10, 1788.11, 1788.13, 1788.16. The complaint is devoid of allegations of conduct falling within the Act; therefore, plaintiff has failed to state a claim under Rule 12(b)(6).

RESPA concerns charges and disclosures occurring at or before the closing of a real estate sale or loan. The allegations in the complaint, however, deal with the foreclosure of the property. Additionally, RESPA defines a mortgage servicer as "the person responsible for servicing the loan." 12 U.S.C. § 2605(i)(2). RESPA further defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." Id. § 2605(i)(3). Under the statutory language, defendant is not a servicer of the mortgage loan.

Finally, California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure. *See* Cal. Civ. Code § 2924. Plaintiff's allegation about the possession of the original note is without merit and must be dismissed.

Defendant also alternatively moves for a more definite statement. Rule 8 sets forth general rules of notice pleading in the Federal Courts. *See Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a plaintiff's allegations are too vague and broad-sweeping to put defendants fairly on notice of the claims against them, the notice requirement of Rule 8 is not

satisfied.  See *Conley*, 355 U.S. at 47.

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery" (emphasis added)).  A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Rule 8; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981)).  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry* 84 F.3d at 1179.

Having reviewed the complaint, the Court notes that plaintiff has not made an allegation of wrongdoing on defendant's part under the statutes cited.  As a result, defendant is not on notice of plaintiff's claims against it and cannot answer the complaint.  Dismissal of the complaint under Rule 8 is appropriately granted.  Nevertheless, defendant's alternative motion for a more definite statement is denied as moot.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss the complaint is **GRANTED** and its motion for a more definite statement is **DENIED AS MOOT.**  Plaintiff is granted leave to file an amended complaint within 20 days of the filing of this Order.  Failure to file an amended complaint within the time provided will result in the closure of this case without further notice to the parties.

**IT IS SO ORDERED.**

DATED:  December 10, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28